UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GUERDA WILLIAMS, JAQUAN PENN,
LAQUISHA NORRIS,

        Plaintiffs,

        vs.

H&M HENNES & MAURITZ, L.P.

        Defendant.

_____/

## **COMPLAINT**

Plaintiffs, GUERDA WILLIAMS (hereinafter "WILLIAMS"), JAQUAN PENN (hereinafter "PENN"), and LAQUISHA NORRIS (hereinafter "NORRIS"), sue Defendant H&M HENNES & MAURITZ, L.P. (hereinafter "Defendant" or "H&M") and state as follows in support thereof:

## **JURISDICTION AND VENUE**

1.      This action is brought to remedy violations of law that occurred in violation of 42 U.S.C. § 1981. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331. This Court has jurisdiction to grant declaratory and further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

2.      WILLIAMS is an individual citizen and resident of Miami-Dade County, Florida and is within the jurisdiction of this honorable Court.

3.      PENN is an individual citizen and resident of Miami-Dade County, Florida and is within the jurisdiction of this honorable Court.

4.      NORRIS is an individual citizen and resident of Miami-Dade County, Florida and is within the jurisdiction of this honorable Court.

5.      H&M is a_New York_corporation conducting business in Miami-Dade County, Florida and is within the jurisdiction of this Court.

## PARTIES

5.       Plaintiffs were, at all times material to this Complaint, employed by H&M, in Miami-Dade County at H&M's Miami Beach store.

6.      H&M is located in Miami-Dade County, Florida.

7.      Plaintiffs have retained the undersigned attorney to address the violations contained in this Complaint.

8.      All conditions precedent to filing suit have been met or have been waived.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

7.      On May 28, 2019, Plaintiffs' filed their respective charges of discrimination with the United States Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR) (Exh. A). The Florida Commission on Human Relations has not issued any determination in this matter.

8.      On March 13, 2020, the EEOC issued right-to-sue notice for each Plaintiff. (Exh. B).

9.      This action has been filed in a timely fashion and all conditions precedent have been met or have been waived.

## GENERAL ALLEGATIONS

10.     WILLIAMS and NORRIS are African American females.

11.     PENN is an African-American male.

12.     WILLIAMS started working for H&M in or about July 2015.

13.     PENN started working for H&M in or about September 2016.

14.     NORRIS started working for H&M in or about October 2016.

15.     WILLIAMS worked for H&M as sales advisor in its Miami Beach store at the time of her termination on or about March 22, 2019.

16.     PENN worked for H&M as sales advisor in its Miami Beach store at the time of his termination on or about March 15, 2015.

17.     NORRIS worked for H&M as sales advisor in its Miami Beach store at the time of her termination on or about March 15, 2019.

18.     Plaintiffs observed during their employment with H&M that some of the same managers who were involved in Plaintiffs' termination discriminated against African American employees regarding their absences, tardies, leave issues, employee discounts and the inspection of employee bags at the end of their shift.

19.     Plaintiffs observed during their employment with H&M that Hispanic and/or White employees were given more leeway than African American employees when it came to being tardy or asking for days off in that African American employees were more likely than Hispanic ones to be disciplined for leave or being tardy or were granted permission to be absent less frequently than White or Hispanic employees.

20.     Plaintiffs observed during their employment with H&M that managers at the store where they worked scrutinized store purchases made by African- American employees far more

than store purchases made by White and/or Hispanic employees in that management made doubly sure that the purchases made by African-American employees were for the correct amount and that coupon or employee discounts were not abused.

21. H&M had a policy of checking any bags that employees left with at the end of their shift in order to guard against theft.  Plaintiffs observed that management at their store would scrutinize the bags of African-American employees far more often that that of White and/or Hispanic employees.

22. PENN complained to H&M's human relations department when the store manager, Andrea Coronado, interrogated NORRIS at length about a swimsuit that she had in her bag as she left and that she had purchased months before.  Coronado had not closely questioned White or Hispanic employees who had H&M items in their bags as they left their respective shifts.

23. Plaintiffs also observed that H&M had a pattern of firing African-American employees and replacing them with White and/or Hispanic employees.

24. PENN and WILLIAMS complained about unlawful race discrimination, including store practices they felt were discriminatory at various times in 2018 and 2019.

25. PENN wrote e-mails several to HM's human relations department, including the corporate office complaining of unlawful discrimination based on race in 2018 and March 2019.

26.     In or about 2018, it was common for young African-American women to color their hair with bright or unusual colors as part of a fashion trend.  In 2018, PENN complained via e-mail to H&M's human relations department that "a DM [Department Manager] has said some comments that I take to be racist about watching girls in the store with colored hair and that she has to keep her eyes on a specific employee because she believe he shoplifts from her previous company."   The employee PENN referred to in his e-mail is African-American.

27.     In March 2019, PENN complained that he felt he was being "targeted."  PENN later explained to management that he felt targeted because of his race.

28.     H&M's human relations department generally followed up with PENN by speaking with him about his complaints.  However, nothing was ever done.  Instead, PENN was told that the issues were nothing personal.

29.     At one point someone from H&M's human relations department asked PENN if he would like to transfer to another store.

30.     WILLIAMS also complained of unlawful race discrimination on numerous occasions in 2018 and 2019 and received the same response.

31.     PENN complained about race discrimination when he disciplined after he missed a mandatory meeting because he was out of State for a funeral.  Hispanic and/or White employees who missed the same meeting were not disciplined.

32.     WILLIAMS, PENN and NORRIS attended a company sponsored event on or about January 6, 2019.

33.     PENN left a jacket he had purchased from H&M at WILLIAMS' house after the party.  The jacket is black and has red and white MTV logos on it.

34.     NORRIS also left some shoes at WILLIAMS house after the event.

35.     In January 2019, WILLIAMS left the jacket and NORRIS's shoes in her car before the start of her shift one day.  WILLIAMS remembered the items in her car and retrieved them during her evening break.  She brought them in to the store to give to NORRIS and PENN and placed them in an employee locker.

36.     On February 28, 2019, someone from H&M's loss prevention department at the district office level, Jeanine Ranieli, district security manager, met with WILLIAMS.

WILLIAMS initially did not know the purpose of the meeting. When Ranieli asked WILLIAMS how she felt about her job, WILLIAMS told her of the various acts of discrimination she believed were occurring at the store. WILLIAMS told Ranieli how hard it was to work at the store because of all the discrimination. WILLIAMS told Ranieli that management was racist when it came to giving African-American employees employee discounts, WILLIAMS complained that African-Americans were treated unfairly when it came to employee discipline. These were all matters about which WILLIAMS had complained before the store and department managers. Ranieli then asked WILLIAMS vague questions about whether she had handed another sales advisor an empty bag in which to put items. It became apparent at some point that Ranieli was insinuating that WILLIAMS had stolen from H&M.

37.    Ranieli's written statement of what WILLIAMS told her did not accurately reflect all the complaints of unlawful discrimination she had had lodged during that meeting.

38.    Loss prevention managers also met with NORRIS and PENN for a similar line of questioning. PENN complained about unlawful discrimination during those meetings.

39.    H&M accused Plaintiffs of stealing the jacket WILLIAMS brought the jacket back to PENN while in the workplace.

40.    PENN had purchased the jacket at issue in November 2018 and still has the receipt. The jacket has red and white MTV logos on it.

41.    The jacket generally matches the jacket on the surveillance video in that the red and white MTV logo on the jacket can be seen in the video.

42.    No one from H&M ever asked PENN to see the jacket at issue; nor did anybody ask PENN if he had purchased the jacket H&M accused Plaintiffs of stealing; nor did they ever ask for a receipt.

43.     NORRIS was called in the office and fired because of her race (African American). NORRIS was told many times over the phone by a manager that if she did not "snitch" or say the jacket was stolen she would be terminated.

44.     The store manager, Andrea Coronado, scrutinized African American shoppers for theft more so than Hispanic and/or White shoppers.  Coronado would regularly have H&M employees follow African-American shoppers far more closely than White or Hispanic shoppers.

45.     Several other African-American employees were fired for no valid reason or based on accusations of theft and were replaced with White and/or Hispanic employees.

46.     The store manager, Andrea Coronado, terminated many African-American employees during the first year of her employ as store manager and replaced them with White and/or Hispanic employees who were not of African-American descent.

47.     H&M had a policy and practice of committing employee complaints to writing, placing a hard copy in the employee's file, and allowing employees to access such documents. A short time after her termination, WILLIAMS asked a department manager for a copy of the written complaints she had made to Coronado and others about unlawful discrimination.  The manager had knowledge of WILLIAMS complaint but noticed that her file was inexplicably empty.  The manager also noticed that management had been shredding documents at about the same time.

48.     Plaintiffs pleaded that management look at the cameras and examine the entire shift before terminating them.

49.     H&M terminated Plaintiffs based on a pretext – that each had been part of a plot to steal a jacket.

50.     Plaintiffs believe that Hispanic sales advisors were paid more than African

American sales advisors.

51.     Plaintiffs were terminated from the employ of H&M based on their race (African-American).

## COUNT I

## VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### (TERMINATION)

52.     WILLIAMS re-alleges and adopts as if fully set forth in Count One the allegations of paragraphs 1 through  51.

53.     H&M, acting through its agent(s) was motivated in the unequal treatment of WILLIAMS by WILLIAMS' race when H&M terminated WILLIAMS from her position in violation of Fla. Stat. § 760.10.

54.     The actions of H&M as alleged herein were intentional.

55.     The actions of H&M as alleged herein were taken with malice or with a reckless disregard of WILLIAMS civil rights.

WHEREFORE, WILLIAMS asks this Court to grant the following relief:

a.      Issue a declaratory judgment finding that H&M conduct toward WILLIAMS violated the Florida Civil Rights Act;

b.      Enjoin and restrain H&M and all other persons acting on behalf of, or in concert with them, from engaging in such unlawful practices;

c.      Enter judgment in favor of WILLIAMS and against H&M together with prejudgment interest from the date of the violation, if available;

d.      Enter judgment in favor of WILLIAMS and against H&M for compensatory (pain

and suffering, pecuniary and non-pecuniary damages, mental anguish, loss of dignity and other intangible) damages, back pay, front pay and punitive damages pursuant to Fla. Stat. § 760.11 together with pre-judgment interest;

      e.     Award WILLIAMS a reasonable attorney's fee, pursuant to the Florida Civil Rights Act, Fla. Stat. § 760.11 together with the costs of this action; and

      f.     Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of WILLIAMS' rights, to prevent reoccurrence of similar acts in the future and to protect H&M other employees from such unlawful behavior.

## COUNT II

### VIOLATION OF TITLE VII
### (TERMINATION)

56.     WILLIAMS, re-alleges and adopts as if fully set forth in Count Two the allegations of paragraphs 1 through 51.

57.     H&M acting through its agent(s) was motivated in the unequal treatment of WILLIAMS when WILLIAMS was terminated based on her race in violation of Title VII., 42 U.S.C. § 2000e-2(a)(1).

58.     The actions of H&M as alleged herein were intentional.

59.     The actions of H&M as alleged herein were taken with malice or with a reckless disregard of WILLIAMS' civil rights.

WHEREFORE, Plaintiff WILLIAMS asks this Court to grant the following relief:

      a.     Issue a declaratory judgment finding that Defendant's conduct toward WILLIAMS violated Title VII;

      b.     Enjoin and restrain Defendant and all other persons acting on behalf of, or in

concert with them, from engaging in such unlawful practices;

     c.    Enter judgment in favor of Plaintiff WILLIAMS and against Defendant for backpay and front pay in lieu of reinstatement in the amount of wages and fringe benefits it is determined that Plaintiff WILLIAMS has lost as a result of Defendant's unlawful conduct, together with prejudgment interest from the date of the violations;

     d.    Enter judgment in favor of Plaintiff WILLIAMS and against Defendant for compensatory and punitive damages together with pre-judgment interest;

     e.    Award Plaintiff WILLIAMS a reasonable attorney's fee, pursuant to Title VII together with the costs of this action; and

     f.    Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of Plaintiff WILLIAMS' rights, to prevent reoccurrence of similar acts in the future and to protect Defendant's other employees from such unlawful behavior.

## COUNT III
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### (RETALIATION)

41.  WILLIAMS, re-alleges and adopts as if fully set forth in Count Three the allegations of paragraphs 1 through  51.

42.  H&M was motivated in its treatment of WILLIAMS because of her complaints about H&M's unlawfully discriminatory practices and/or opposition to such when she was terminated.

43.  H&M was motivated in its treatment of WILLIAMS because of her opposition to Coronado's discriminatory practices when she was terminated.

44.  H&M through the actions of its agents, affected WILLIAMS in the

"compensation, terms, conditions and privileges of employment" as envisioned by Fla. Stat. § 760.10(7).

45.     H&M's actions were intentional or were taken with reckless disregard of WILLIAMS's rights under the FCRA.

WHEREFORE, WILLIAMS ask this Court to grant the following relief:

a.     Issue a declaratory judgment finding that Defendant's conduct toward WILLIAMS violated the Florida Civil Rights Act;

b.     Enjoin and restrain Defendant and all other persons acting on behalf of, or in concert with them, from engaging in such unlawful practices;

c.     Enter judgment in favor of WILLIAMS and against Defendant for backpay in the amount of wages and fringe benefits it is determined that WILLIAMS has lost as a result of Defendant's unlawful conduct, together with prejudgment interest from the date of the violations;

d.     Enter judgment in favor of WILLIAMS and against Defendant for compensatory damages (pecuniary and non-pecuniary damages, pain and suffering, etc.) together with pre-judgment interest;

e.     Award WILLIAMS punitive damages pursuant to Fla. Stat. § 760.11;

f.     Award WILLIAMS a reasonable attorney's fee, pursuant to Fla. Stat. § 760.11 together with costs of this action; and

g.     Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of WILLIAMS's rights, to prevent reoccurrence of similar acts in the future and to protect Defendant's other employees from such unlawful behavior.

## COUNT IV

### VIOLATION OF TITLE VII
#### (RETALIATION)

46.  WILLIAMS, re-alleges and adopts as if fully set forth in Count Four the allegations of paragraphs 1 through  51.

47.    H&M was motivated in its unequal treatment of WILLIAMS because of her complaints or opposition to unlawful discrimination due her race in violation of Sections of Title VII, 42 U.S.C. §§ 2000e-3.

48.    H&M's actions were intentional or were taken with reckless disregard of WILLIAMS' rights under Title VII.

WHEREFORE, WILLIAMS asks this Court to grant the following relief:

a.    Issue a declaratory judgment finding that: H&M's conduct toward WILLIAMS violated Title VII;

b.    Enjoin and restrain H&M and all other persons acting on behalf of, or in concert with them, from engaging in such unlawful practices;

c.    Enter judgment in favor of WILLIAMS and against H&M for backpay in the amount of wages and fringe benefits it is determined that WILLIAMS has lost as a result of H&M's unlawful conduct, together with prejudgment interest from the date of the violations

d.    Enter judgment in favor of WILLIAMS and against H&M for pecuniary and non-pecuniary compensatory damages together with prejudgment interest pursuant to 42 U.S.C. § 1981a;

e.    Award WILLIAMS punitive damages pursuant to 42 U.S.C. § 1981a;

f.    Award WILLIAMS a reasonable attorney's fee, pursuant to 42 U.S.C. § 1981a together with costs of this action; and

g.       Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of Plaintiff WILLIAMS' rights, to prevent reoccurrence of similar acts in the future and to protect

h.       Defendant's other employees from such unlawful behavior.

## COUNT V

### VIOLATION OF 42 U.S.C. § 1981
### (TERMINATION)

60.       WILLIAMS re-alleges and adopts as if fully set forth in Count Five the allegations of paragraphs 1 through 51.

61.       H&M acting through its agent(s) was motivated in the unequal treatment of WILLIAMS when WILLIAMS was terminated based on her race in violation of 42 U.S.C. § 1981.

62.       The actions of H&M as alleged herein were intentional.

63.       The actions of H&M as alleged herein were taken with malice or with a reckless disregard of WILLIAMS' civil rights.

WHEREFORE, Plaintiff WILLIAMS asks this Court to grant the following relief:

a.       Issue a declaratory judgment finding that Defendant's conduct toward WILLIAMS were violated 42 U.S.C. § 1981;

b.       Enjoin and restrain Defendant and all other persons acting on behalf of, or in concert with them, from engaging in such unlawful practices;

c.       Enter judgment in favor of Plaintiff WILLIAMS and against Defendant for backpay and front pay in lieu of reinstatement in the amount of wages and fringe benefits it is determined that Plaintiff WILLIAMS has lost as a result of Defendant's unlawful conduct,

together with prejudgment interest from the date of the violations;

d.      Enter judgment in favor of Plaintiff WILLIAMS was and against Defendant for compensatory and punitive damages together with pre-judgment interest;

e.      Award Plaintiff WILLIAMS was a reasonable attorney's fee, pursuant to 42 U.C.S. § 1988, with the costs of this action; and

f.      Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of Plaintiff WILLIAMS's rights, to prevent reoccurrence of similar acts in the future and to protect Defendant's other employees from such unlawful behavior.

## <u>COUNT VI</u>

### <u>42 U.S.C. § 1981 (RETALIATION)</u>

64.  WILLIAMS re-alleges and adopts as if fully set forth in Count Five the allegations of paragraphs 1 through  51.

65.  H&M acting through its agent(s) was motivated in the unequal treatment of WILLIAMS due to her complaints of unlawful discrimination and/or opposition to such when WILLIAMS was terminated in violation of 42 U.S.C. § 1981.

66.  The actions of H&M as alleged herein were intentional.

67.  The actions of H&M as alleged herein were taken with malice or with a reckless disregard of WILLIAMS' civil rights.

WHEREFORE, Plaintiff WILLIAMS asks this Court to grant the following relief:

a.      Issue a declaratory judgment finding that Defendant's conduct toward WILLIAMS were violated 42 U.S.C. § 1981;

b.      Enjoin and restrain Defendant and all other persons acting on behalf of, or in

concert with them, from engaging in such unlawful practices;

c.    Enter judgment in favor of Plaintiff WILLIAMS and against Defendant for backpay and front pay in lieu of reinstatement in the amount of wages and fringe benefits it is determined that Plaintiff WILLIAMS has lost as a result of Defendant's unlawful conduct, together with prejudgment interest from the date of the violations;

d.    Enter judgment in favor of Plaintiff WILLIAMS was and against Defendant for compensatory and punitive damages together with pre-judgment interest;

e.    Award Plaintiff WILLIAMS was a reasonable attorney's fee, pursuant to 42 U.C.S. § 1988, with the costs of this action; and

f.    Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of Plaintiff WILLIAMS's rights, to prevent reoccurrence of similar acts in the future and to protect Defendant's other employees from such unlawful behavior.

## COUNT VII

## VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### (TERMINATION)

68. PENN re-alleges and adopts as if fully set forth in Count Seven the allegations of paragraphs 1 through 51.

69. H&M, acting through its agent(s) was motivated in the unequal treatment of PENN by PENN's race when H&M terminated PENN from his position in violation of Fla. Stat. § 760.10.

70. The actions of H&M as alleged herein were intentional.

71. The actions of H&M as alleged herein were taken with malice or with a reckless

disregard of PENN civil rights.

WHEREFORE, PENN asks this Court to grant the following relief:

a.       Issue a declaratory judgment finding that H&M conduct toward PENN violated the Florida Civil Rights Act;

b.       Enjoin and restrain H&M and all other persons acting on behalf of, or in concert with them, from engaging in such unlawful practices;

c.       Enter judgment in favor of PENN and against H&M together with prejudgment interest from the date of the violation, if available;

d.       Enter judgment in favor of PENN and against H&M for compensatory (pain and suffering, pecuniary and non-pecuniary damages, mental anguish, loss of dignity and other intangible) damages, back pay, front pay and punitive damages pursuant to Fla. Stat. § 760.11 together with pre-judgment interest;

e.       Award PENN a reasonable attorney's fee, pursuant to the Florida Civil Rights Act, Fla. Stat. § 760.11 together with the costs of this action; and

f.       Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of PENN's rights, to prevent reoccurrence of similar acts in the future and to protect H&M other employees from such unlawful behavior.

## COUNT VIII

### VIOLATION OF TITLE VII
### (TERMINATION)

72.  PENN, re-alleges and adopts as if fully set forth in Count Eight the allegations of paragraphs 1 through 51.

73.  H&M acting through its agent(s) was motivated in the unequal treatment of PENN

when PENN was terminated based on his race in violation of Title VII., 42 U.S.C. § 2000e-2(a)(1).

74.   The actions of H&M as alleged herein were intentional.

75.   The actions of H&M as alleged herein were taken with malice or with a reckless disregard of PENN' civil rights.

WHEREFORE, Plaintiff PENN asks this Court to grant the following relief:

a.      Issue a declaratory judgment finding that Defendant's conduct toward PENN violated Title VII;

b.      Enjoin and restrain Defendant and all other persons acting on behalf of, or in concert with them, from engaging in such unlawful practices;

c.      Enter judgment in favor of Plaintiff PENN and against Defendant for backpay and front pay in lieu of reinstatement in the amount of wages and fringe benefits it is determined that Plaintiff PENN has lost as a result of Defendant's unlawful conduct, together with prejudgment interest from the date of the violations;

d.      Enter judgment in favor of Plaintiff PENN and against Defendant for compensatory and punitive damages together with pre-judgment interest;

e.      Award Plaintiff PENN a reasonable attorney's fee, pursuant to Title VII together with the costs of this action; and

f.      Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of Plaintiff PENN's rights, to prevent reoccurrence of similar acts in the future and to protect Defendant's other employees from such unlawful behavior.

## **Count IX**

## **VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**

(R̲ETALIATION̲)

49.  PENN, re-alleges and adopts as if fully set forth in Count Nine the allegations of paragraphs 1 through  51.

50.     H&M was motivated in its treatment of WILLIAMS because of his complaints about H&M's unlawfully discriminatory practices and/or opposition to such when he was terminated.

51.     H&M acting through the actions of its agents, affected PENN in the "compensation, terms, conditions and privileges of employment" as envisioned by Fla. Stat. § 760.10(7).

52.     H&M's actions were intentional or were taken with reckless disregard of PENN's rights under the FCRA.

WHEREFORE, PENN ask this Court to grant the following relief:

a.     Issue a declaratory judgment finding that Defendant's conduct toward PENN violated the Florida Civil Rights Act;

b.     Enjoin and restrain Defendant and all other persons acting on behalf of, or in concert with them, from engaging in such unlawful practices;

c.     Enter judgment in favor of PENN and against Defendant for backpay in the amount of wages and fringe benefits it is determined that PENN has lost as a result of Defendant's unlawful conduct, together with prejudgment interest from the date of the violations;

d.     Enter judgment in favor of PENN and against Defendant for compensatory damages (pecuniary and non-pecuniary damages, pain and suffering, etc.) together with pre-judgment interest;

e.       Award PENN punitive damages pursuant to Fla. Stat. § 760.11;

f.       Award PENN a reasonable attorney's fee, pursuant to Fla. Stat. § 760.11 together with costs of this action; and

g.       Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of PENN's rights, to prevent reoccurrence of similar acts in the future and to protect Defendant's other employees from such unlawful behavior.

## COUNT X

## VIOLATION OF TITLE VII
### (RETALIATION)

53.   PENN re-alleges and adopts as if fully set forth in Count Ten the allegations of paragraphs 1 through 51.

54.       H&M was motivated in its unequal treatment of PENN because of his complaints or opposition to unlawful discrimination due his race in violation of Sections of Title VII, 42 U.S.C. §§ 2000e-3.

55.       H&M's actions were intentional or were taken with reckless disregard of PENN' rights under Title VII.

WHEREFORE, PENN asks this Court to grant the following relief:

a.       Issue a declaratory judgment finding that: H&M's conduct toward PENN violated
         Title VII;

b.       Enjoin and restrain H&M and all other persons acting on behalf of, or in concert with them, from engaging in such unlawful practices;

c.       Enter judgment in favor of PENN and against H&M for backpay in the amount of wages and fringe benefits it is determined that PENN has lost as a result of H&M's unlawful

conduct, together with prejudgment interest from the date of the violations

d.      Enter judgment in favor of PENN and against H&M for pecuniary and non-pecuniary compensatory damages together with prejudgment interest pursuant to 42 U.S.C. § 1981a;

e.      Award PENN punitive damages pursuant to 42 U.S.C. § 1981a;

f.      Award PENN a reasonable attorney's fee, pursuant to 42 U.S.C. § 1981a together with costs of this action; and

g.      Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of Plaintiff PENN' rights, to prevent reoccurrence of similar acts in the future and to protect

h.      Defendant's other employees from such unlawful behavior.


## COUNT XI

### VIOLATION OF 42 U.S.C. § 1981
### (TERMINATION)

76.  PENN re-alleges and adopts as if fully set forth in Count Eleven the allegations of paragraphs 1 through 51.

77.  H&M acting through its agent(s) was motivated in the unequal treatment of PENN when PENN was terminated based on his race in violation of 42 U.S.C. § 1981.

78.  The actions of H&M as alleged herein were intentional.

79.  The actions of H&M as alleged herein were taken with malice or with a reckless disregard of PENN's civil rights.

WHEREFORE, Plaintiff PENN asks this Court to grant the following relief:

a.      Issue a declaratory judgment finding that Defendant's conduct toward PENN

were violated 42 U.S.C. § 1981;

      b.     Enjoin and restrain Defendant and all other persons acting on behalf of, or in concert with them, from engaging in such unlawful practices;

      c.     Enter judgment in favor of Plaintiff PENN and against Defendant for backpay and front pay in lieu of reinstatement in the amount of wages and fringe benefits it is determined that Plaintiff PENN has lost as a result of Defendant's unlawful conduct, together with prejudgment interest from the date of the violations;

      d.     Enter judgment in favor of Plaintiff PENN and against Defendant for compensatory and punitive damages together with pre-judgment interest;

      e.     Award Plaintiff PENN a reasonable attorney's fee, pursuant to 42 U.C.S. § 1988, with the costs of this action; and

      f.     Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of Plaintiff PENN's rights, to prevent reoccurrence of similar acts in the future and to protect Defendant's other employees from such unlawful behavior.

## COUNT XII

### 42 U.S.C. § 1981 (RETALIATION)

80.  PENN re-alleges and adopts as if fully set forth in Count Eleven the allegations of paragraphs 1 through 51.

81.  H&M acting through its agent(s) was motivated in the unequal treatment of PENN when PENN was terminated based on his complaints of unlawful discrimination and/or opposition to such in violation of 42 U.S.C. § 1981.

82.  The actions of H&M as alleged herein were intentional.

83. The actions of H&M as alleged herein were taken with malice or with a reckless disregard of PENN's civil rights.

WHEREFORE, Plaintiff PENN asks this Court to grant the following relief:

a.      Issue a declaratory judgment finding that Defendant's conduct toward PENN were violated 42 U.S.C. § 1981;

b.      Enjoin and restrain Defendant and all other persons acting on behalf of, or in concert with them, from engaging in such unlawful practices;

c.      Enter judgment in favor of Plaintiff PENN and against Defendant for backpay and front pay in lieu of reinstatement in the amount of wages and fringe benefits it is determined that Plaintiff PENN has lost as a result of Defendant's unlawful conduct, together with prejudgment interest from the date of the violations;

d.      Enter judgment in favor of Plaintiff PENN and against Defendant for compensatory and punitive damages together with pre-judgment interest;

e.      Award Plaintiff PENN a reasonable attorney's fee, pursuant to 42 U.C.S. § 1988, with the costs of this action; and

f.      Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of Plaintiff PENN's rights, to prevent reoccurrence of similar acts in the future and to protect Defendant's other employees from such unlawful behavior.

## COUNT XIII

## VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### (TERMINATION)

84. NORRIS re-alleges and adopts as if fully set forth in Count Thirteen the allegations

of paragraphs 1 through  51.

85. H&M, acting through its agent(s) was motivated in the unequal treatment of NORRIS by NORRIS's race when H&M terminated NORRIS from her position in violation of Fla. Stat. § 760.10.

86. The actions of H&M as alleged herein were intentional.

87. The actions of H&M as alleged herein were taken with malice or with a reckless disregard of NORRIS civil rights.

WHEREFORE, NORRIS asks this Court to grant the following relief:

a. Issue a declaratory judgment finding that H&M conduct toward NORRIS violated the Florida Civil Rights Act;

b. Enjoin and restrain H&M and all other persons acting on behalf of, or in concert with them, from engaging in such unlawful practices;

c. Enter judgment in favor of NORRIS and against H&M together with prejudgment interest from the date of the violation, if available;

d. Enter judgment in favor of NORRIS and against H&M for compensatory (pain and suffering, pecuniary and non-pecuniary damages, mental anguish, loss of dignity and other intangible) damages, back pay, front pay and punitive damages pursuant to Fla. Stat. § 760.11 together with pre-judgment interest;

e. Award NORRIS a reasonable attorney's fee, pursuant to the Florida Civil Rights Act, Fla. Stat. § 760.11 together with the costs of this action; and

f. Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of NORRIS's rights, to prevent reoccurrence of similar acts in the future and to protect H&M other employees from such unlawful behavior.

## COUNT XIV

### VIOLATION OF TITLE VII
### (TERMINATION)

88.  NORRIS, re-alleges and adopts as if fully set forth in Count Fourteen the allegations of paragraphs 1 through  51.

89.  H&M acting through its agent(s) was motivated in the unequal treatment of NORRIS when NORRIS was terminated based on her race in violation of Title VII., 42 U.S.C. § 2000e-2(a)(1).

90.  The actions of H&M as alleged herein were intentional.

91.  The actions of H&M as alleged herein were taken with malice or with a reckless disregard of NORRIS' civil rights.

WHEREFORE, Plaintiff NORRIS asks this Court to grant the following relief:

a.      Issue a declaratory judgment finding that Defendant's conduct toward NORRIS violated Title VII;

b.      Enjoin and restrain Defendant and all other persons acting on behalf of, or in concert with them, from engaging in such unlawful practices;

c.      Enter judgment in favor of Plaintiff NORRIS and against Defendant for backpay and front pay in lieu of reinstatement in the amount of wages and fringe benefits it is determined that Plaintiff NORRIS has lost as a result of Defendant's unlawful conduct, together with prejudgment interest from the date of the violations;

d.      Enter judgment in favor of Plaintiff NORRIS and against Defendant for compensatory and punitive damages together with pre-judgment interest;

e.      Award Plaintiff NORRIS a reasonable attorney's fee, pursuant to Title VII together with the costs of this action; and

f.      Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of Plaintiff NORRIS rights, to prevent reoccurrence of similar acts in the future and to protect Defendant's other employees from such unlawful behavior.

### COUNT XV

**VIOLATION OF 42 U.S.C. § 1981**
**(TERMINATION)**

92.  NORRIS re-alleges and adopts as if fully set forth in Count Fifteen the allegations of paragraphs 1 through  51.

93.  H&M acting through its agent(s) was motivated in the unequal treatment of NORRIS when NORRIS was terminated based on her race in violation of 42 U.S.C. § 1981.

94.  The actions of H&M as alleged herein were intentional.

95.  The actions of H&M as alleged herein were taken with malice or with a reckless disregard of NORRIS's civil rights.

WHEREFORE, Plaintiff NORRIS asks this Court to grant the following relief:

a.      Issue a declaratory judgment finding that Defendant's conduct toward NORRIS were violated 42 U.S.C. § 1981;

b.      Enjoin and restrain Defendant and all other persons acting on behalf of, or in concert with them, from engaging in such unlawful practices;

c.      Enter judgment in favor of Plaintiff NORRIS and against Defendant for backpay and front pay in lieu of reinstatement in the amount of wages and fringe benefits it is determined that Plaintiff NORRIS has lost as a result of Defendant's unlawful conduct, together with prejudgment interest from the date of the violations;

d.      Enter judgment in favor of Plaintiff NORRIS and against Defendant for

compensatory and punitive damages together with pre-judgment interest;

e.    Award Plaintiff NORRIS a reasonable attorney's fee, pursuant to 42 U.C.S. §
1988, with the costs of this action; and

f.    Award such other and further legal and equitable relief as may be appropriate to
redress fully the deprivation of Plaintiff NORRIS's rights, to prevent reoccurrence of similar acts
in the future and to protect Defendant's other employees from such unlawful behavior.

### **JURY DEMAND**

Plaintiffs demand trial by jury on all issues so triable.

Respectfully submitted,

GARY A. COSTALES, P.A.
1200 Brickell Avenue, Suite 1440
Miami, Florida 33131
(305) 375-9510
(305) 375-9511 (facsimile)

/s Gary A. Costales
Gary A. Costales, Esq.
Florida Bar No. 0948829